Filing # 91277379 E-Filed 06/18/2019 02:02:53 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

TODD AVERY,

    Plaintiff,

Vs.

MIAMI AIR INTERNATIONAL, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **TODD AVERY, (hereinafter "CO"),** by and through his undersigned counsel, sues the Defendant, **MIAMI AIR INTERNATIONAL, INC., (hereinafter "INC"),** and alleges as follows:

1. This is an action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees and is otherwise within the jurisdictional limits of this court.

2. Plaintiff, **TA,** is a resident of Broward County, Florida.

3. Defendant, **INC.,** is a Florida corporation authorized to, and doing business in the State of Florida.

4. Defendant, **INC.,** is in the business of transporting passengers nationally and internationally by air.

5. Venue is proper in Broward County, Florida, because Plaintiff resides in this county and his medical care and treatment is taking place in Broward County, Florida.

6. On or about May 3, 2019 Plaintiff, **TA**, was a passenger on Defendant, **INC.'s**, flight number 293, a Boeing 737-81Q, N732, (hereinafter "293"), on its scheduled passenger flight from Leeward Paint Field (MVGM), in Guantanamo Bay, Cuba, to Jackson Naval Air Station (KNIP) in Jacksonville, Florida.

7. Defendant, **INC.'s**, 293 operated under 14 Code Part 121 of the Federal Aviation Regulations.

8. As 293 was descending and preparing to land at KNIP, it encountered inclement weather and precipitation.

9. As 293 was descending and preparing to land at KNIP, Defendant, **INC.'s**, flight crew perceived mechanical and/or structural malfunction, including an inoperative left-hand thrust reverser, which can be used to help an aircraft come to a stop.

10. As 293 was descending and preparing to land at KNIP, Defendant, **INC.'s**, flight crew requested a change of runway. Defendant **INC.'s**, flight crew requested to land at runway 10, a nine thousand (9,000) foot runway which was limited to seven thousand eight hundred (7,800) feet due to the presence of a wire barrier.

11. Defendant, **INC.'s**, flight crew was cleared to land on runway 10.

12. When 293 landed on runway 10 it crashed through a seawall and into the Saint Johns River.

13. Defendant, **INC.**, by and through its personnel, had the following duties and responsibilities:

    a) to provide an aircraft in good structural condition.

    b) to provide an aircraft in good mechanical condition.

      c)    to properly conduct all necessary and timely inspections of the aircraft.

      d)    to properly test, service and/or maintain the aircraft.

      e)    to properly repair the aircraft.

      f)    to properly train, test, verify and/or confirm that its pilots were qualified and knowledgeable on the safe operation of the aircraft.

      g)    to advise air traffic control that the left thrust reverser on 293 was inoperative.

      h)    to properly assess, analyze, evaluate and interpret the physical conditions and limitations of runway 10 before selecting it as a suitable runway.

      i)    to request permission to land at another airport.

      j)    to properly operate the aircraft.

14.    Notwithstanding its duties as aforesaid, Defendant, **INC.**, by and through its personnel:

      a)    failed to provide an aircraft in good structural condition.

      b)    failed to provide an aircraft in good mechanical condition.

      c)    failed to properly conduct all necessary and timely inspections of the aircraft;

      d)    failed to properly test, service and/or maintain the aircraft.

      e)    failed to properly repair the aircraft.

      f)    failed to properly train, test, verify and/or confirm that its pilots were qualified and knowledgeable on the safe operation of the aircraft.

    g)     failed to properly address, analyze, interpret and respond to a "RETARD" auto-call out in the cockpit.

    h)     failed to properly address, analyze, interpret and respond to phase shifting of the flight warning computer.

    i)     failed to program the aircraft's proper takeoff thrust setting and V speeds.

    j)     failed to properly operate the aircraft.

15. As a direct and proximate result of the negligence of Defendant, **INC.**, 293 crashed and Plaintiff, **TA**, suffered serious permanent injuries which have required diagnostic medical and rehabilitative care; and within a reasonable degree of medical probability will require same in the future.

16. As a further direct and proximate result of the negligence of Defendant, **INC.**, Plaintiff, **TA,** has in the past and will in the future incur medical bills and expenses for the cure and treatment of his injuries.

17. As a further and direct and proximate result of the negligence of Defendant, **INC.**, Plaintiff, **TA,** has, is and will in the future suffer(ed) pain, mental anguish and loss of capacity for the enjoyment of life; as well as to be absent from his usual pursuits and lifestyle.

**WHEREFORE**, the Plaintiff, **TA**, demands judgment against Defendant, **MIAMI INTERNATIONAL, INC.,** for damages in excess of $15,000.00 together with the costs of suit, and such further relief as this Court deems just and proper.

    Dated this _____ day of June, 2019.

    Respectfully submitted,

    **MONTERO LAW CENTER**
    Attorneys for Plaintiff

**Montero** **P.A.**

hmontero@monterolaw.com

eservice@monterolaw.com

100 SE 6th Street
Ft. Lauderdale, Florida  33301
Tel: (954) 767-6500
Facsimile:  (954) 766-2690

By:    /s/    Hyram    M.
**HYRAM  M.  MONTERO,**
**Fla. Bar No.: 339660**